Brodsky *v.* Bockman, Appellant.

Argued September 19, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before BELOFF, J.

*Albert L. Bricklin,* with him *Bennett and Bricklin,* for appellant.

*Beryl E. Hoffman,* with him *Max E. Cohen,* and *Henry Temin,* for appellees.

OPINION BY WATKINS, J., January 16, 1962:

This is an appeal from the judgment of the Municipal Court (now County Court) of Philadelphia County, on a verdict in trespass of $1350 for the plaintiff-appellee, Rose Brodsky, and $100 for her husband, Martin Brodsky, plaintiff-appellee, who had joined in the suit, and against Geraldine M. Bockman, the defendant-appellant; and from the denial by the court below of motions for judgment n. o. v. and for a new trial.

The plaintiff, Rose Brodsky, was driving her husband's car on September 24, 1955, east on Bridge Street, Philadelphia. She approached the intersection of Bridge Street and Castor Avenue at the southeastern corner of the intersection. Bridge Street is a two-way street described as having a four-car width, running east and west, and Castor Avenue is a two-way avenue running north and south, 48 feet wide. The traffic on Bridge Street at this intersection was controlled by a stop sign. She testified that when she arrived at the intersection there was a truck in front of her so she stopped behind it. The truck made a right-hand turn to go south on Castor Avenue but could not complete its motion southward because of traffic congestion. The plaintiff moved her car eastward to the stop sign, between 5 and 10 feet of the west curb line of Castor Avenue, at which point she stopped a second time. She was unable at that point to observe northbound traffic on Castor Avenue because of the line of stopped cars. She could observe southbound traffic on Castor Avenue. She then proceeded to move forward into Castor Avenue until she was past the back of the stopped truck when she stopped the third time. The front of her car was now at about the center of Castor Avenue.

From this position in the center of Castor Avenue she was able to observe northbound traffic and see the defendant's car moving northward on the right side of Castor Avenue. She estimated the defendant's car to be about 100 to 125 feet away and traveling at about 15 to 20 miles per hour. She then, believing that "I had plenty of time to get across the street", proceeded to cross the remaining one-half of Castor Avenue at a speed of 3 to 5 miles per hour. She testified, "I was practically across the street and the front of my car was at the curb (Southeastern curb of Castor Avenue) when I checked again and there she was and she was going much faster at that time . . . about twice as fast

as when I first saw her." The defendant's car struck plaintiff's car about its middle and a little toward the rear.

The question involved in this appeal is whether the plaintiff was negligent as a matter of law. Contributory negligence may be declared as a matter of law only when it is so clearly revealed that fair and reasonable persons cannot disagree as to its existence. *Kurtz v. Phila. Transportation Co.,* 324, 147 A. 2d 347 (1959). "Declaring an individual guilty of contributory negligence as a matter of law should be done only where the conclusion is inescapable." *Enfield v. Stout,* 400 Pa. 6, 12, 161 A. 2d 22 (1960). Reading the testimony in this case in the light most favorable to the plaintiff, resolving all conflicts in her favor, a conclusion that she was negligent as a matter of law is not justifiable.

The law governing motorists at a stop sign is clearly stated in *Wilt v. Blazier,* 382 Pa. 143, 114 A. 2d 111 (1955). "While the driver of an automobile attempting to cross a through highway from a side street has a duty to yield the right-of-way to all vehicles approaching on the through highway in any direction, he is not so required to yield the right-of-way if he is so far in advance that in the exercise of reasonable care he is justified in believing he can cross ahead of approaching vehicles without danger of collision . . . We think that Blazier was justified in concluding that he could safely cross and turn into the south lane of the highway in view of the fact that the Boggs car was 300 yards or more from the crossing. At least, whether or not he was justified in so concluding was for the jury." See also *Morano v. Norman,* 385 Pa. 23, 122 A. 2d 51 (1956), where the Court said, "It was for the jury to decide whether with such an interval of distance between him and the defendant's car he could not or should not have assumed that he could pass safely to the other side."

It should be pointed out that in *Wilt v. Blazier,* supra, the order for a new trial granted by the court below on the ground that the verdict was against the evidence was reversed as an abuse of discretion. And in *Bowers v. Gaglione,* 322 Pa. 329, 185 A. 315 (1936), another stop sign case where plaintiff's car made proper observations and was struck by the defendant's car before he had completed driving across the intersection, where the jury found for the plaintiff and the court below directed judgment n.o.v., the Supreme Court reversed the judgment and ordered the entry of judgment on the verdict for the plaintiff.

In *Furia v. Perri,* 187 Pa. Superior Ct. 351, 144 A. 2d 502 (1958), where the facts were similar, in that it was a collision at an intersection of a through highway and a side street controlled by a stop sign, we held that, "A motor vehicle driver approaching an intersection on a through highway has the right of way, and a motorist on an intersecting highway controlled by a stop sign is bound to permit the former to pass unless the latter is so far in advance that, in the exercise of reasonable care and prudence, he is justified in believing that he can cross the intersection ahead of the approaching vehicle without danger of a collision." We held, under the circumstances of that case, that the plaintiff was contributorily negligent as a matter of law. It is the basic contention of the defendant that recovery is barred in this case on the authority of the *Furia* case.

We believe the court below properly distinguished the *Furia* case as follows: "There are significant differences which in our estimation, distinguish them. In the Furia case, the plaintiff concedes that he knew there was but could not see and did not obey the stop sign on Fitzwater Street. In that case also there were cars parked solid on all sides of the street, thus creating a rather narrow channel or 'tunnel' for traffic to pro-

ceed on Ninth Street. In the case at bar, there is no evidence of any cars parked on the east side of Castor Avenue. Our plaintiff made three successive stops, before proceeding to traverse the remaining half of Castor Avenue, judging and believing that she had 'plenty of time' to negotiate this balance of the intersection in safety. And, it appeared to us, as it must have to the jury, that had the defendant continued to operate her car at 15 to 20 miles per hour instead of increasing her speed of travel, the plaintiff's judgment would have been vindicated and she could have crossed safely. This is brought more forcefully home by defendant's own admission that 'I didn't bother to look either way and I proceeded through. I was about in the middle of the intersection when all of a sudden a car was directly in front of me'. There was ample evidence to conclude and we believe that defendant paid no attention to where she was going or to her task of operation."

The view of the plaintiff's car in the instant case was not obstructed by parked cars as in the *Furia* case and neither was the view of the defendant and there was no evidence in the *Furia* case of the increase in speed by the defendant's car after the plaintiff had committed herself to the crossing, in fact the plaintiff in the *Furia* case was unable to judge the speed of the oncoming car at the time he saw it. In the instant case, as we have already stated, there was no obstruction to view and after the plaintiff had committed herself to the crossing the defendant doubled her speed in approaching the intersection.

We agree with the court below that whether or not the plaintiff exercised prudent care and judgment, under all the facts in this case, in concluding that she could negotiate the balance of Castor Avenue in safety after observing the defendant's car about 100 to 125 feet away and traveling at about 15 to 20 miles per

hour; and where, mathematically, if the relative speeds of the two vehicles remained the same, she could have safely crossed, was a question of fact for the jury.

If we were to hold otherwise, in modern traffic at metropolitan intersections, it would be impossible to cross a through highway without incurring liability, as the plaintiff in this case said, "I would have stayed forever."

Judgment affirmed.