Hitz et al., Appellants, *v.* Stouffer.

56

Argued June 18, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, FLOOD, JACOBS, and HOFFMAN, JJ.

*Stanley W. Katz,* with him *Bernerd A. Buzgon,* and *Davis & Katz,* for appellants.

*H. Rank Bickel, Jr.,* for appellees.

OPINION BY ERVIN, P. J., December 16, 1965:

We have for consideration two separate trespass cases which were consolidated for trial. In the first case Marlin H. Hitz and Dolores K. Hitz instituted an action against Jean M. Stouffer for the recovery of property damages to the Hitz car. In the second case, Clair J. Stouffer and Jean M. Stouffer instituted an action against Paul E. Hershey, individually and trading as Hershey Brothers Garage, and James W. Pearson, for the recovery of property damages to the Stouffer car.

On the afternoon of June 27, 1961, a clear, dry day, Jean Stouffer was operating an automobile, owned by her husband and herself, in an eastwardly direction on East Birch Street, at or about its intersection with South Green Street, in Palmyra, Lebanon County, Pennsylvania. At the same time the automobile owned by Marlin H. Hitz and Dolores K. Hitz was being operated by a bailee, James W. Pearson, an employe of Paul E. Hershey, in a northwardly direction on South Green Street at or about the aforesaid intersection. The intersection was not controlled by any traffic signs or signals and the visibility for the operators of both vehicles was good. Both streets are forty feet wide. The Hitz vehicle was approaching the intersection from Mrs. Stouffer's right.

Mrs. Stouffer testified as follows on direct examination: "Q. I interrupted you. Then what happened? What did you do and what did you observe and what happened? A. As I proceeded toward the intersection I looked to see if there was any traffic on South Green Street and when I looked I saw that there was a car approaching from the south going north on Green Street. I would say at the time that I saw the car he was about half the distance between Birch and Elm Street. Q. Can you estimate what the distance was? How far away was he from the intersection, if you can

estimate? A. I would say at least 250 feet. Q. All right, now go ahead. A. As I said, I saw the car to my right and, as I said, he was at least 250 feet away. And so I proceeded into the intersection on my way across. Q. How fast were you driving? Can you fix your speed in any way from the time you got to the driveway until the time you entered the intersection? If it varied, give the varying speeds at which you drove. A. I don't believe it varied and I believe I was driving about fifteen miles an hour. Q. Will you state whether or not you were able to observe his speed when you saw him? A. No, I was not able to observe his speed. Q. What happened then with respect to the collision between the two cars? A. As I was about three quarters of the way through the intersection I heard the screech of brakes and I saw the car just as he was off the right side of my car just before impact. . . . Q. How far were you from the west curbline of Green Street when you observed this car at the distance at which you testified? A. I would say about twenty to twenty-five feet. Q. Do you know whether the intersection was controlled, as we use the term? A. The intersection was not controlled." On cross-examination Mrs. Stouffer testified as follows: "Q. When you were twenty to twenty-five feet from the intersection did you look again to observe Mr. Pearson? A. No. He was entirely too far away." She further testified: "Q. If you saw Mr. Pearson when you were twenty to twenty-five feet away from the intersection, as you now say, when did you next see him, if you did? A. The next time I saw him was just before impact. Q. So as you entered the intersection itself you didn't look to your right to see if Mr. Pearson was coming; is that right? A. No. I had discarded him from my realm of danger at that point."

After the trial the jury found in favor of Jean M. Stouffer in the first case and in favor of Clair J.

Stouffer and Jean M. Stouffer in the second case in the amount of $591.11. Motions for judgment n.o.v. and for new trials were filed in both cases and were denied. Judgments were entered on the verdicts. Hence these appeals.

It is the duty of the driver of a vehicle approaching a two-way street to look first to his left and then to his right. That is because he first enters the lane in which traffic coming from his left is traveling. If he sees nothing approaching that would be likely to prove a source of danger to him, he may proceed, but as he nears the middle of the street, it is his duty to look to his right again before entering into the traffic lane coming from that direction. If another car is approaching in the right lane, the driver should stop unless, in the exercise of care and prudence, he is reasonably justified in believing he can cross ahead of it without danger of a collision: *Grande v. Wooleyhan Transportation Co.*, 353 Pa. 535, 538, 539, 46 A. 2d 241; *Merkel v. Janiszewski*, 180 Pa. Superior Ct. 71, 73, 117 A. 2d 795; and *Freedman v. Ziccardi*, 151 Pa. Superior Ct. 159, 162, 30 A. 2d 172.

Under the evidence taken most favorably to Mrs. Stouffer, there can be no doubt that after looking to the right at a point twenty to twenty-five feet from the intersection and seeing a car approaching from that direction, she failed to look to her right again at the approaching vehicle until the point of collision. She admitted this fact both on direct and cross-examination. She also admitted that she did not know how fast the other car was going. Had she looked as required she undoubtedly would have seen how close the other car was to her and she could have stopped before entering the northbound lane, thus avoiding the collision. Under these circumstances, she was contributorily negligent as a matter of law and we cannot place our stamp of approval upon such conduct.

The judgment in favor of Clair J. Stouffer and Jean M. Stouffer must be reversed and judgment n.o.v. must be entered in favor of Paul E. Hershey, individually and t/a Hershey Brothers Garage, and James W. Pearson.

Since Jean M. Stouffer, who was negligent as a matter of law, was the sole defendant in the first case, and since any negligence of the bailee (Pearson) in the second case could not be imputed to the bailor (Hitz) and since the damages to the Hitz car had been stipulated, it is hereby directed that judgment be entered by the court below in favor of Marlin H. Hitz and Dolores K. Hitz, plaintiffs, appellants, and against Jean M. Stouffer in the amount of $526.10. See *D. M. Bare Paper Co. v. Steward*, 205 Pa. Superior Ct. 286, 208 A. 2d 890.

---

DISSENTING OPINION BY WATKINS, J.:

I respectfully dissent. The appellants contend that they are entitled to judgment n.o.v. or failing in that, a new trial, because Jean M. Stouffer was guilty of contributory negligence as a matter of law and because of an error in the charge of the court below.

It appears that Mrs. Stouffer entered the intersection after seeing Pearson approaching over 250 feet away and did not look again until just before the collision. Regarding this the court charged as follows: "Bear in mind what I said to you, members of the jury, about the duty to observe. Normally, when you cross an intersection, you should look and continue to look as you cross the intersection. When you reach the middle, then you are going to proceed across the line of traffic which would be coming from your right, and it would be your duty to look to the right. However, members of the jury, bear in mind also what I said; you have a duty to look and see what else is going on. However, if what Mrs. Stouffer said is true, that the

vehicle operated by Pearson was far away when she entered the intersection, in that case you might consider that a reasonable, prudent person wouldn't have taken a second look as they crossed the intersection, because there wasn't anything between him and the Pearson vehicle. If you find that that is a fact, you might consider that she acted reasonably and prudently, even though normally it is your duty to look again to the right as you get to the middle of the intersection. The law never requires you to do an unnecessary thing, members of the jury." I do not believe that this portion of the charge, reading the charge as a whole, was in any way prejudicial to the appellants so as to warrant a new trial.

The legal difficulties in making decisions in this type of case are eminently pointed out in the majority and dissenting opinions in *Hartnett v. Wharton Hardware & Paint Co.,* 187 Pa. Superior Ct. 308, 144 A. 2d 581 (1958). The fulcrum of the problem is whether or not, when Mrs. Stouffer took one look at the edge of the intersection and then proceeded across without again looking until she saw the other car upon her, knowing there was another automobile approaching the intersection at the distance here involved of over 250 feet and accepting the speeds as testified, her safe passage through the intersection was questionable. "There is no rigid rule as to how far away the approaching vehicle must be to allow another vehicle approaching the same crossing from the side to continue to advance without its driver being guilty of negligence. Each case must be determined by the circumstances . . ." *Primio v. Haertter,* 115 Pa. Superior Ct. 564, 176 A. 58 (1935). Contributory negligence should only be declared as a matter of law when it is so clearly revealed that fair and reasonable persons could not disagree as to its existence. *Pro v. Pennsylvania RR. Co.,* 390 Pa. 437, 135 A. 2d 920 (1957).

In a case, stronger than the instant one, where a car was approaching a stop sign controlled through-highway from a side road, we held that the driver is not required to yield the right of way if he is so far in advance that in the exercise of reasonable care he is justified in believing he can cross ahead of approaching vehicles without danger of collision. In that case the driver estimated the other car to be about 100 to 125 feet away and traveling at about 15 to 20 miles per hour and the driver believed she had plenty of time to drive through the intersection. She was practically across the street when her car was struck in the middle rear. She testified that just before the collision she saw the car and it was going faster then. We held that: " 'Declaring an individual guilty of contributory negligence as a matter of law should be done only where the conclusion is inescapable.' Enfield v. Stout, 400 Pa. 6, 12, 161 A. 2d 22 (1960)", and decided that holding her negligent as a matter of law was not justifiable. *Brodsky v. Bockman,* 197 Pa. Superior Ct. 94, 176 A. 2d 924 (1962).

In the instant case, unlike the *Brodsky* case, neither road was controlled and although it is true that there was no evidence from the plaintiff as to the estimate of the speed of the car, which she saw for the first time more than 250 feet away, there could be an inference concerning speed by the jury from the distance traveled, the screech of the brakes and the skid marks on the highway for a distance of 48 feet to the point of impact.

While it is true that uncontrolled intersections are fraught with danger and the courts have held plaintiffs guilty of contributory negligence as a matter of law under the peculiar circumstances of each case, however, just the fact that an accident occurred at an uncontrolled intersection does not per se mean both parties are contributorily negligent. There must be

some point in distance at which a driver, who observes another vehicle approaching at right angles to an uncontrolled intersection, can proceed to cross the intersection and can assume the other driver, who has a clear view of him, will not almost intentionally conduct himself as to cause an accident, but will respect the rules of the road and make whatever minor adjustments are necessary to avoid a collision, and not be guilty of contributory negligence as a matter of law. This question was fairly submitted to the jury and it found that her action was prudent and reasonable. This finding does not shock my conscience and a preponderance of the evidence supports it. I would affirm the court below.