Rhode, Appellant, *v.* Kearney.

Argued March 21, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*W. Hamlin Neely,* for appellant.

*Edward H. McGee,* for appellee.

OPINION BY ERVIN, P. J., June 17, 1966:

On April 20, 1964 at about 2:45 p.m., a very rainy day, the plaintiff, appellant, and the defendant, appellee, were involved in a right angle collision at the intersection of Broad and Seventh Streets in the Borough of Emmaus, Lehigh County. The plaintiff was operating his vehicle in a westerly direction on Broad Street, a through street, and the defendant was operating his vehicle in a northerly direction on Seventh Street, a stop street. On the southeasterly corner of the intersection there was a large embankment which made it impossible for a person proceeding west on Broad Street to see any auto stopped for the stop sign for traffic going north on Seventh Street. The defendant was admittedly negligent since he stated he stopped for the stop sign and looked left and right and saw an

auto approaching about 300 feet away to his right (apparently the plaintiff's vehicle) and he proceeded across, never looking to his right again: *Hitz v. Stouffer,* 207 Pa. Superior Ct. 55, 215 A. 2d 398.

The plaintiff testified that when he was 30 feet from the intersection he was looking straight ahead and saw nothing in the intersection. His vision was interfered with because of the heavy rain. He could not see anything to his left because of the embankment. When he was 10 to 15 feet from the intersection he saw, for the first time, the defendant's auto with its front bumper at about the center of the intersection. The plaintiff was traveling at 25 miles per hour. He immediately applied his brakes but this collision took place in the northeast quadrant of the intersection. The jury found a verdict in favor of the plaintiff in the amount of $1,363.57. Subsequently the court below granted judgment n.o.v., from which the plaintiff has appealed.

The question is whether the plaintiff was contributorily negligent as a matter of law. Did he fail to do something that the law required him to do? He did not see the defendant enter the intersection. The plaintiff saw the defendant's vehicle for the first time when defendant's front bumper was at about the center of the intersection and the plaintiff was then 10 to 15 feet from the intersection. When the plaintiff was 30 feet from the intersection the rain obscured his vision of the intersection. Plaintiff's view of an auto stopped at the stop sign was completely obscured by the embankment. Broad Street was four car widths wide. Under these circumstances, was the plaintiff contributorily negligent as a matter of law for not seeing the defendant immediately as he emerged from behind the embankment and until the front of his car proceeded two car widths to the center of the intersection? We think not. We believe that the trial judge was cor-

rect when he allowed the case to go to the jury. It was for the jury's determination.

In considering a motion for judgment n.o.v., the court must view the evidence in the light most favorable to the verdict winner: *Brandon v. Peoples Natural Gas Co.,* 417 Pa. 128, 207 A. 2d 843.

A motorist at an intersection is always required to be alert, observe conditions before entering therein, and to continue to look as he proceeds through: *Smith v. United News Co.,* 413 Pa. 243, 196 A. 2d 302. It is equally well settled that contributory negligence should not be declared as a matter of law, unless the conclusion thereof is inescapable: *Burish v. Digon,* 416 Pa. 486, 206 A. 2d 497; *Enfield v. Stout,* 400 Pa. 6, 161 A. 2d 22. This is not such a case.

The judgment is reversed and the case is remanded to the court below so that it may dispose of the motion for a new trial.