## Hock v. L. B. Smith, Inc.

*Gailey C. Keller,* for plaintiff.
*Thomas J. Evans, Rhoads, Sinon and Reader,*
and *Laputka, Bayless, Ecker & Cohn,* for defendants.

MYERS, *P. J.,* May 6, 1974—Plaintiff filed a complaint in trespass alleging that defendant, L. B. Smith, Inc., through its agent, contacted him to purchase certain heavy, earth-moving equipment. Plaintiff contends at that time he intended to submit a bid for certain work to be performed relating to the construction of a highway by the Pennsylvania Department of Transportation in Scott and Orange Townships, Columbia County, Pa.

Plaintiff's complaint further avers that defendant L. B. Smith, Inc. recommended that plaintiff

utilize the services of Terex, a division of the defendant General Motors Corporation, to obtain a seismic survey of the highway project site in order to determine the extent of rock formations therein.

Plaintiff's complaint alleges that it was understood that, if the survey disclosed the necessity for special earth-moving equipment, plaintiff would purchase this equipment from defendant, L. B. Smith, Inc. Plaintiff further stated that he concurred in this recommendation, and that arrangements were made between defendants herein to have Terex perform the survey.

Upon completion of the survey, Terex allegedly reported to plaintiff that there was no rock along the project site which could not be handled by plaintiff's D-8 bulldozer. The complaint further avers that essentially the same information was transmitted to plaintiff by defendant, L. B. Smith, Inc.

Plaintiff's complaint further avers that plaintiff relied upon the above reports and utilized the same in submitting his bid to the Pennsylvania Department of Transportation. Plaintiff was subsequently awarded the bid for the performance of the work as the successful low bidder.

Plaintiff further claims that during the course of the work on the project, plaintiff did in fact encounter rock which could not be ripped by the D-8 bulldozer, but required blasting operations. As a result thereof, plaintiff claims he was required to expend additional sums for labor, equipment, drilling and blasting, in an amount in excess of $47,000.

Plaintiff demands judgment against defendants for this sum.

Defendants have filed preliminary objections to plaintiff's complaint in the form of: (1) a motion for a more specific complaint, and (2) a demurrer.

These questions are now before the court for disposition.

First, taking up the motion for a more specific complaint, the general rule is that the test of whether a complaint is sufficiently specific is whether it reasonably informs defendant of the facts which he must be prepared to meet at the trial. See Kane v. Kane, 29 Northumb. L. N. 91.

In determining whether a complaint is sufficiently specific, all averments of the complaint must be considered together and appraised in the light of the nature of the case. See Roberts v. Peoples Cab Co., 7 D. & C. 2d 632. It is enough that, considering the complaint as a whole, it contains sufficient material facts to show the existence of a cause of action.

In Pincus v. Wolf, 2 D. & C. 2d 389, the court stated that pleadings should not be made instruments for the harassment and exasperation of litigants, but should help to narrow the issues and apprise defendants of what they will be required to meet at trial.

It has further been held that when the facts are known by defendants, they are not entitled to as much precision in the pleading as if they did not know them. A more specific pleading should not be required as to matters about which the objecting parties have, or should have, as much or better knowledge than the pleader. See 2 Anderson Pa. Civ. Prac., §1017.38.

A further general rule applicable herein is that a more specific complaint will not be required where the details requested are evidentiary in nature. When the additional facts sought are essentially evidentiary, a party should proceed by discovery, and not by attacking the pleadings as such. See

General Acceptance Corp. v. Wilson, 40 Northumb. L. N. 54.

Since the introduction of the present rules on discovery, the scope of a motion for a more specific complaint has been considerably narrowed.

The court should not require a more specific pleading when it appears that the moving parties are seeking additional information which could be better obtained by discovery proceedings.

Applying the above general rules to the questions herein, and considering all of the averments of the complaint in light of the nature of the case, we conclude that the complaint is sufficiently specific reasonably to inform defendants of the facts that they must be prepared to meet at trial. We believe that many of the matters requested are known, or should be known, to defendants and are essentially evidentiary in nature. Therefore, it appears to the court the more specific matters requested could be obtained by discovery rather than by attacking the pleadings.

Defendants' second motion is in the nature of a demurrer. By filing a demurrer, defendants contend that, even if the allegations set forth in plaintiff's complaint are true, they do not constitute a valid cause of action. The general rule applicable to a demurrer is set forth in 2 Anderson Pa. Civ. Prac., §1017.43. It is there stated that a demurrer admits as true the facts set forth in the opposing pleading. It thus acknowledges the truth of the averments set forth in the pleading, as well as every inference fairly deductible therefrom, and all facts of which the court may take judicial notice. However, the admission made by the demurrer is not an absolute admission of the facts, but merely admits the facts,

for the purpose of argument on the demurrer at that time.

As to stating its cause of action, plaintiff relies upon section 552 of the Restatement of Torts entitled "Negligent Misrepresentations." The sub-title is "Information Negligently Supplied for the Guidance of Others." These titles are followed by numerous sub-sections and comments by the Restatement commentators to explain and amplify their rationale.

On the contrary, defendants contend that section 552 of the Restatement of Torts is not the law of Pennsylvania because it has not been specifically adopted by an appellate court of this Commonwealth in any given case.

Defendants further argue that the existing case law as it now stands in Pennsylvania substantiates defendants' position in filing the demurrer. In this respect, defendants cite Branna Construction Corp. v. West Allegheny Joint School Authority, 430 Pa. 214, 219 (1968), as well as many other cases. It is defendants' position that only those sections of the Restatement which are adopted by the appellate courts in this Commonwealth on a case to case basis become the law of Pennsylvania.

While the respective contentions of the parties herein present very interesting questions, we note an overall tendency on the part of the Pennsylvania appellate courts to embrace the Restatement concepts, and we do not believe this court need pause until each section of the Restatement is adopted piecemeal before applying the same.

Therefore, we conclude that plaintiff's complaint, if accepted as true, which we must for purposes of the demurrer, has set forth a valid cause of action and defendants' demurrer must be denied.

Thus, we make the following

426

## ORDER

And now, May 6, 1974, defendants' preliminary objections are hereby dismissed and defendants are granted leave to file an answer or other appropriate pleading to plaintiff's complaint within 20 days from the date hereof.