# Olinger v. Zikeli

C.P. of Lawrence County, No. 10561 of 2014

*Lawrence M. Kelly,* for plaintiff.
*Lauren M. Despot,* for defendants.

COX, *J.,* Dec. 23, 2014—Before the court for disposition are the preliminary objections filed on behalf of the defendants Robert Zikeli and GAI Consultants, which argue that the plaintiff's amended complaint fails to separate the different claims into distinct counts, the claims for direct negligence, negligent entrustment and negligent hiring are legally insufficient and the amended complaint lacks specificity as it states certain sections of the Motor Vehicle Code which the defendants allegedly violated, but fails to aver any facts to establish those violations. Moreover, the amended complaint lacks factual averments to set forth the claims that the plaintiff is attempting to assert.

The amended complaint avers the following facts: defendant Robert Zikeli (hereinafter "defendant Zikeli")

was employed by the defendant GAI Consultants (hereinafter "defendant GAI"), which is a Florida based corporation. On February 21, 2013, the plaintiff Renee Olinger was operating a 2002 Buick Regal automobile in a westerly direction on Butler Avenue, New Castle, Lawrence County, Pennsylvania. At the same time, defendant Zikeli was operating a 2011 Ford LGT F150 motor vehicle, owned by defendant GAI, in an easterly direction on Butler Avenue. Defendant Zikeli made a left turn into the westbound lane of Butler Avenue and collided with the vehicle being operated by the plaintiff, who suffered injuries as a result of the collision.

On June 3, 2014, the plaintiff filed her complaint against the defendants, which contained two counts. Count I asserted claims of negligence against defendant Zikeli and what appeared to be claims of direct negligence, negligent entrustment and negligent hiring against defendant GAI. Count II averred a claim for property damage against both defendants. The defendants filed preliminary objections to complaint on July 28, 2014, arguing that the complaint violated Pa.R.C.P. No. 1020 for failure to allege each cause of action in a separate count, plaintiff's claims for negligent entrustment and direct negligence against defendant GAI were legally insufficient, the complaint lacked specificity, the complaint contained a litany of legal conclusions without being supported by factual averments and the plaintiff's claim for property damage was legally insufficient and lacked specificity. In response, the plaintiff filed an amended complaint on August 6, 2014, which contained three separate counts. In Count I, the plaintiff averred a claim of negligence against defendant Zikeli. Count II purports to assert a claim of negligence against defendant GAI. The plaintiff also averred a claim for property damage against both defendants in Count III. The defendants have now filed the current preliminary

objections to amended complaint on August 26, 2014. The court held oral argument concerning the current preliminary objections on October 27, 2014, with both parties appearing through counsel.

The defendant's first preliminary objection contends that Count II of the plaintiff's amended complaint violates Pa.R.C.P. No. 1020 as it contains claims for respondeat superior, direct negligence, negligent entrustment and negligent hiring in one count.

Pa.R.C.P. No. 1020(a) states, "The plaintiff may state in the complaint more than one cause of action cognizable in a civil action against the same defendant. Each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief." Each claim must be averred in a self-sufficient separate count containing averments of facts pertaining to the particular claim and relief sought. *Commonwealth v. Parisi*, 873 A.2d 3, 9 (Pa.Cmwlth. 2005) (citing *General State Auth. V. Lawrie and Green*, 24 Pa.Cmwlth. 407, 356 A.2d 851 (1976); *Allentown Ahead Fund, Inc. v. Kraynick*, 65 Pa.D.&C.2d 611 (1974)). This Rule applies only in circumstances where multiple causes of action are stated. *Seruga v. Tuskes*, 21 Pa.D.&C.3d 111, 113 (Com. Pl. Northampton 1981). However, that is not necessary when there are several claims concerning the same cause of action. *Philadelphia v. Konopacki*, 2 Pa.D.&C.3d 535, 539-540 (Com. Pl. Philadelphia 1975).

In the current case, Count II of the plaintiff's amended complaint contains a heading that identifies it as a negligence claim against defendant GAI. In that Count, there are allegations that appear to aver several different claims. Paragraphs 17 and 18. A. assert that defendant Zikeli was acting as an agent, servant and/or representative of defendant GAI and was acting within the scope of

authority provided to him from defendant GAI at the time the accident occurred, which tends to demonstrate that the plaintiff is attempting to recover under the legal doctrine of respondeat superior. Paragraphs 18. B., D., E. and F. claim that defendant GAI was directly negligent by failing to properly train, instruct or supervise defendant Zikeli, failing to inspect, maintain and repair the vehicle, failing to properly investigate the qualifications and driving record of the defendant Zikeli and failing to properly update and provide educational opportunities to their employee to ensure safe operation of the vehicle. The plaintiff also has averments of negligent entrustment in Paragraph 18. C. "Negligently entrusting the above-described vehicle to defendant, Robert Zikeli, when it was known or should have been known that he was an unsafe and careless driver. Additionally, the plaintiff seems to indicate a possible claim for negligent hiring in Paragraph 18. E. for defendant GAI's failure to properly investigate the qualifications and driving record of defendant Zikeli. It is apparent that the Plaintiff has averred several causes of action in Count II, which should have been set forth in separate Counts in accordance with Pa.R.C.P. No. 1020(a). It is important to note that the court is required to read the complaint as a whole, but that does not mean that the court and the defendants should be required to attempt to separate, decipher and piece together the plaintiff's multiple claims that are averred in one count. Therefore, the defendants' first preliminary objection is sustained and the plaintiff is granted leave to amend her amended complaint to aver each claim and supporting averments of fact in a separate count.

The defendants also assert that the plaintiff's claims for direct negligence, negligent entrustment and negligent hiring claims against defendant GAI are legally insufficient.

"A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient." *Cooper v. Frankford Health Care System, Inc.*, 960 A.2d 134, 143 (Pa. Super. 2008)(citing *Cardenas v. Schober*, 783 A.2d 317, 321 (Pa. Super. 2001)). A demurrer must be resolved based solely on the pleadings, no testimony or evidence outside of the complaint may be considered to dispose of the legal issue presented. *Id.* "All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true." *Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 805 (Pa. Super. 2007)(citing *Cardenas, supra.*). A demurrer will only be sustained in cases where the complaint fails to set forth a valid cause of action. *Lerner v. Lerner*, 954 A.2d 1229, 1235 (Pa. Super. 2008)(citing *McArdle v. Tronetti*, 426 Pa. Super. 607, 627 A.2d 1219, 1221 (1993)). If a doubt exists regarding whether a demurrer should be sustained, the doubt must be resolved in favor of overruling the demurrer. *R.W. v. Manzek*, 585 Pa. 335, 351, 888 A.2d 740, 749 (2005)(citations omitted). Fact-based defenses are irrelevant when ruling on a preliminary objection in the nature of a demurrer. *Werner v. Plater-Zyberk*, 799 A.2d 776, 783 (Pa. Super. 2002)(citing *Orner v. Mallick*, 515 Pa. 132, 135, 527 A.2d 521, 523 (1987)). "A 'speaking demurrer' is defined as 'one which, in order to sustain itself, requires the aid of a fact not appearing on the face of the pleading objected, or in other words, which alleges or assumes the existence of a fact not already pleaded, and which constitutes the ground of objection and is condemned both by the common law and the code system of the pleading.'" *Regal Indus. Corp. v. Crum and Forster, Inc.*, 890 A.2d 395, 398 (Pa. Super. 2005)(quoting Black's Law Dictionary 299 (6th ed. 1991)). The Court is not permitted to consider a speaking demurrer in rendering its decision on preliminary objections. *Id.*

In order to establish a claim for negligence, a plaintiff must prove the following elements: "(1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) a causal relationship between the breach and the resulting injury suffered by the plaintiff; and (4) actual loss suffered by the plaintiff." *Reeves v. Middletown Athletic Ass'n*, 866 A.2d 1115, 1126 (Pa. Super. 2004) (citing *Burman v. Golay & Co., Inc.*, 420 Pa. Super. 209, 616 A.2d 657 (1992)). In a negligence action, the plaintiff must prove that the defendant owed the plaintiff a duty of care and that duty was breached. *Gutteridge v. A.P. Green Services, Inc.*, 804 A.2d 643, 655 (Pa. Super. 2002) (citing *Ney v. Axelrod*, 723 A.2d 719, 721 (Pa. Super. 1999)). In determining if a duty existed, the court must weigh the following factors: "(1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the [over all] public interest in the proposed solution." *Id.* (quoting *Althaus ex rel. Althaus v. Cohen*, 562 Pa. 547, 553, 756 A.2d 1166, 1169 (2000)). The court must also examine whether the defendant has an obligation for the benefit of that particular plaintiff and if that does not exist or had not been breached, there can be no cause of action for negligence. *Minnich v. Yost*, 817 A.2d 538, 541 (Pa. Super. 2003)(quoting *J.E.J. v. Tri-County Big Brothers/Big Sisters*, 692 A.2d 582, 584 (Pa. Super. 1997)). Moreover, [t]he standard by which the conduct of a person in a particular situation is judged in determining whether he is negligent, is the care which an ordinarily prudent person would exercise under the same or similar circumstances." *D.M. Bare Paper Co. v. Steward*, 205 Pa. Super. 286, 290, 208 A.2d 890, 892 (1965)(citing *Maternia v. Pa. Railroad Co.*, 358 Pa. 149, 56 A.2d 233 (1948)). Once it is established that the defendant breached

a duty of care he or she owed to the plaintiff, it must be demonstrated that there is some reasonable connection between the act of the defendant and the injury to the plaintiff. *Burnside v. Abbott Laboratories*, 351 Pa. Super. 264, 274, 505 A.2d 973, 978-979 (1985)(citing Prosser and Keeton, Torts §41, at 262 (5th ed. 1984)).

In the current matter, the plaintiff asserts that the negligence of defendant Zikeli can be imputed to defendant GAI through the doctrine of respondeat superior. In her amended complaint, the plaintiff has averred that defendant Zikeli's vehicle collided with the plaintiff's vehicle after he attempted to perform a left turn into the westbound lane of Butler Avenue where the plaintiff was traveling. The plaintiff asserts that she suffered serious injuries due to that collision. There are adequate allegations in the amended complaint to aver a legally sufficient claim for direct negligence as all of the essential elements for negligence have been pleaded. First, the plaintiff alleged that defendant Zikeli breached the duty of care he owed to the plaintiff by operating his vehicle at dangerous speed, failing to properly control his vehicle, operating his vehicle in a direction toward the plaintiff's vehicle without the exercise of reasonable diligence, failing to properly maintain the vehicle, failing to properly yield and driving on the wrong side of the roadway. In addition, the plaintiff asserts that defendant Zikeli is negligent per se as he violated ten sections of the Pennsylvania Motor Vehicle Code. Next, the plaintiff contends that due to those breaches of the standard of care owed by defendant Zikeli to the plaintiff, she suffered serious injuries, which included "A. Injuries to the bones, muscles, tissues and ligaments of the back, shoulder, and neck; B. Internal injuries; C. Shock and injury to the nerves and nervous system; and D. Other severe and serious injuries." The plaintiff has also averred that defendant Zikeli was "the

agent, servant and/or representative" of defendant GAI while operating a vehicle owned by defendant GAI. Hence, there is sufficient averments, if proven at trial, to impute a claim of direct negligence arising out of the actions of defendant Zikeli to defendant GAI through the doctrine of respondeat superior.

In addition, the plaintiff has averred a sufficient claim of direct negligence against defendant GAI in Paragraphs 18. B., D., E. and F. In those paragraphs, the plaintiff alleges that defendant GAI is directly negligent by failing to properly train, instruct and supervise defendant Zikeli, failing to properly inspect, maintain and repair the vehicle, failing to properly investigate the qualifications and driving record of defendant Zikeli and failing to properly update and provide educational opportunities to their employees to ensure safe operation of the vehicle. These averments are sufficient to establish a claim for direct negligence against defendant GAI. Therefore, the plaintiff has averred a legally sufficient claim for direct negligence against defendant GAI.

The defendants also assert that the plaintiff also set forth a claim for negligent entrustment. Pursuant to a negligent entrustment theory of recovery, "[i]it is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others." *Phillips v. Lock*, 86 A.3d 906, 913 (Pa. Super. 2014)(quoting *Christiansen v. Silfies*, 446 Pa. Super. 464, 667 A.2d 396, 400 (1995); Restatement (Second) of Torts §308). This liability is imposed based upon the actions of the "entrustor" and is not derivative or imputed from the actions of the "entrustee". *Christiansen v. Silfies*, 446

Pa. Super. 464, 473, 667 A.2d 396, 400 (Pa. Super. 1995) (citing *Johnson v. Johnson*, 410 Pa. Super. 631, 600 A.2d 970 n.5 (1991)). It must be noted that the "entrustee" must be held liable prior to negligent entrustment to attach to the "entrustor". *Id.* (citing *Erie Ins. Exchange v. Transamerica Ins. Co.*, 352 Pa. Super. 78, 507 A.2d 389 (1986)).

In *Abramowitz v. Pipher*, 82 Pa.D.&C.4th 212 (Com. Pl. Monroe 2006), the trial court overruled the defendant's preliminary objection in the nature of demurrer as the plaintiff pleaded sufficient facts to support a claim for negligent entrustment. In that case, the plaintiff averred facts stating that the decedent was aware that he entrusted his vehicle to the driver knowing that the decedent would consume pain medications that would affect her ability to operate the vehicle by stating that the decedent was a chronic user of pain medicine. Moreover, the complaint contained general averments that the defendant Calidad Auto Tech knew or should have known of the decedent's use of pain medication. The court ruled that it was premature to sustain a demurrer on that issue as it was required to accept the well pleaded facts as true and those allegations, if proven, would support a cause of action under the legal theory of negligent entrustment. *Id.*, 82 Pa.D.&C.4th at 219-220.

In the case *sub judice*, the plaintiff has averred in her amended complaint that the defendant GAI negligently entrusted the Ford F150 to the defendant "when it was known or should have been known that he was an unsafe and careless driver". However, the amended complaint does not specify what characteristic concerning defendant Zikeli's driving was known or should have been known by defendant GAI that would have prevented defendant GAI from allowing defendant Zikeli to operate the vehicle. This is distinguishable from *Abramowitz* as the plaintiff in that

case clearly set forth that the defendants were negligent in permitting the decedent to operate the vehicle as it was known or should have been known that she was a chronic user of pain medications making operation of the vehicle unsafe. In the current matter, the amended complaint lacks any averment to indicate why defendant Zikeli was unfit to operate the vehicle when it was entrusted to him by defendant GAI. The plaintiff's claim for negligent entrustment is legally insufficient for failing to properly identify why defendant Zikeli was unfit to operate the vehicle. Therefore, the court grants the defendant's second preliminary objection in the nature of a demurrer concerning the claim for negligent entrustment contained in Count II of the amended complaint, which includes Paragraph 18. C. The plaintiff is granted leave to amend her amended complaint regarding the claim for negligent entrustment in Count II of the amended complaint.

The tort of negligent hiring was created in Restatement (Second) of Torts §317, which states as follows:

Duty of Master to Control Conduct of Servant

A master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if

(a) the servant

(i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or

(ii) is using a chattel of the master, and

(b) the master

(i) knows or has reason to know that he has the ability to control his servant, and

(ii) knows or should know of the necessity and opportunity for exercising such control. *Hutchinson by Hutchinson v. Luddy*, 453 Pa. Super. 420, 423, 683 A.2d 1254, 1255 (1996) (reversed on other grounds).

"[A]n action for negligent hiring provides a remedy to injured third parties who 'would otherwise be foreclosed from recovery under the master-servant doctrine because the wrongful acts of employees in these cases are likely to be outside the scope of employment or not in furtherance of the master's business." *Heller v. Patwil Homes, Inc.*, 713 A.2d 105, 107 (Pa. Super. 1998) (citing *Welsh Mfg., Div. of Textron v. Pinkerton's*, 474 A.2d 436, 439 (R.I. 1984)). The plaintiff must demonstrate that the defendant knew or should have known that a foreseeable harm would eventually befall the victim. *Brezenski v. World Truck Transfer. Inc.*, 755 A.2d 36, 44 (Pa. Super. 2000). "To fasten liability upon an employer under Section 317, it must be shown that the employer knew or, in the exercise of ordinary care, should have known of the necessity for exercising control of his employee." *Heller*, 713 A.2d at 107-108 (citing *Dempsey v. Walso Bureau Inc.*, 431 Pal 562, 246 A.2d 418 (1968)). The two inquiries central to deciding if a claim for negligent hiring is legally sufficient are as follows: 1. What was the employee's conduct prior to the date of incident and was it such that it demonstrated a propensity to act in the manner that caused the plaintiff's injuries? and 2. Did the employer know or should have known of the employee's prior conduct? *Id.*

In the current case, the plaintiff has failed to aver any actions taken by defendant Zikeli outside of the scope of his employment that defendant GAI should have prevented defendant Zikeli from performing to avoid intentionally

harming others nor is there any averments establishing that he created an unreasonable risk of harm to other individuals. There are no allegations in the amended complaint that defendant Zikeli intentionally caused harm to the plaintiff, the amended complaint states that he was operating the motor vehicle and unsafely made a left turn, which led to his vehicle colliding with the plaintiff's vehicle. While it is apparent that the amended complaint avers that defendant Zikeli was operating a vehicle owned by defendant GAI, there is no indication that he was utilizing that vehicle outside of the scope of his employment as is required to support a claim for negligent hiring. This theory of recovery is available for certain claims that are not recoverable under the typical means of imposing vicarious liability upon a master for the acts of his or her servant. Thus, the defendants' preliminary objection in the nature of demurrer concerning the claim for negligent hiring is sustained and that claim is dismissed. The plaintiff is granted leave to amend her amended complaint.

The defendant also argues that the amended complaint lacks specificity as it states certain sections of the Motor Vehicle Code that the defendants violated, but fails to aver any facts to establish those violations. Moreover, the amended complaint lacks factual averments to set forth the claims that the plaintiff is attempting to assert.

The specificity of a pleading is governed by Pa. R.C.P. No. 1019, which states "(a) The material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pennsylvania is a fact-pleading jurisdiction, which requires the plaintiff to provide the defendant with notice of what the plaintiff's claim is and the grounds for the claim. *Unified Sportsmen of Pennsylvania v. Pennsylvania Game Com'n (PGC)*,

950 A.2d 1120, 1134 (Pa. Cmwlth. 2008) (quoting *Sevin v. Kelshaw*, 417 Pa. Super. 1, 611 A.2d 1232, 1235 (1992)). Additionally, the plaintiff must summarize the facts essential to support the claims. *Id.* "The rule requires a plaintiff to plead all the facts that he must prove in order to achieve recovery on the alleged cause of action. The pleading must be sufficiently specific so that the defending party will know how to prepare his defense." *Commonwealth ex rel. Pappert v. TAP Pharmaceuticals Products, Inc.*, 868 A.2d 624, 635 (Pa. Cmwlth. 2005) (citing *Department of Transportation v. Shipley Humble Oil Co.*, 29 Pa. Cmwlth. 171 370 A.2d 438 (1977)). The purpose behind the rules of pleading is to enable parties to ascertain, by utilizing their own professional discretion, the claims and defenses that are asserted in the case. *Krajsa v. Keypunch, Inc.*, 424 Pa. Super. 230, 236, 622 A.2d 355, 357 (1993). "The pleadings must adequately explain the nature of the claim to the opposing party so as to permit him to prepare a defense, and they must be sufficient to convince the court that the averments are not merely subterfuge." *In re Estate of Schofield*, 505 Pa. 95, 477 A.2d 473 (1984)(citing *Sokoloff v. Strick*, 404 Pa. 343, 172 A.2d 302(1961); *Hornsby v. Lohmeyer*, 364 Pa. 271, 72 A.2d 294 (1950); *Rice v. Braden*, 243 Pa. 141, 89 A. 877 (1914)). "A more specific complaint will not be required where the details requested are evidentiary in nature." *Hock v. L. B. Smith, Inc.*, 69 Pa. D. & C. 2d 420, 423 (Pa. Com. Pl. Columbia 1974) (citing *General Acceptance Corp. v. Wilson*, 40 Northumb. L. N. 54).

In *Connor v. Allegheny General Hospital*, 501 Pa. 306, 311, 461 A.2d 600, 603 fn. 3 (1983) (citing *Arner v. Sokol*, 373 Pa. 587, 592-593, 96 A.2d 854,856 (1953); *King v. Brillhart*, 271 Pa. 301, 114 A. 515, 516 (1921)), the court determined that an averment stating, "otherwise fail[ed] to use due care and caution under the circumstances," lacked

specificity and the defendant could have filed a motion to strike off that statement, but chose not to do so. However, a complaint is sufficiently specific if the whole complaint contains material facts which set forth a cause of action. *Lipinsky v. Graham*, 88 Pa. D.&C. 156, 158 (Pa. Com. Pl. Mercer 1954). "A more specific complaint will not be required where the details requested are evidentiary in nature." *Hock v. L. B. Smith, Inc.*, 69 Pa. D. & C. 2d 420, 423 (Pa. Com. Pl. Columbia 1974) (citing *General Acceptance Corp. v. Wilson*, 40 Northumb. L. N. 54).

The defendants assert that the plaintiffs amended complaint lacks specificity concerning Paragraphs 13. A, E., G. through J. and N. through D., and 18, which state as follows:

13. The defendant, Robert Zikeli, was negligent with regard to the above-described collision by the following acts or omissions:

A. In operating the vehicle at a high and dangerous speed under the circumstances;

E. In failing to maintain the vehicle in a proper mechanical condition;

G. In failing to properly inspect the vehicle to determine any mechanical defects;

H. In that the driver was not fit nor was he in proper physical condition to drive the vehicle;

I. In driving on the wrong side of the highway;

J. In crossing the divider line which marked the center of the road;

N. In failing to utilize a turn signal; and

O. In violating the following statutes pertaining to the operation of motor vehicles on public thoroughfares under the circumstances:

a. 75 Pa.C.S.A §3301

b. 75 Pa.C.S.A §3303

c. 75 Pa.C.S.A. §3309

d. 75 Pa.C.S.A. §3311

e. 75 Pa.C.S.A. §3331

f. 75 Pa.C.S.A. §3334

g. 75 Pa.C.S.A. §3361

h. 75 Pa.C.S.A. §3362

i. 75 Pa.C.S.A. §3714

j. 75 Pa.C.S.A. §3736.

....

18. The serious and permanent injuries suffered by plaintiff, Renee Olinger, are a direct and proximate result of the tortious conduct of the defendant, GAI Consultants, in the following acts or omissions:

B. Failure to properly train, instruct, educate and supervise defendant, Robert Zikeli, in the proper and safe operation of their motor vehicle;

C. Negligently entrusting the above-described vehicle to defendant, Robert Zikeli, when it was known or should have been known that he was an unsafe and careless driver;

D. Failure to properly inspect, maintain and repair its

vehicles;

E. Failure to properly investigate the qualifications and driving record of the defendant, Robert Zikeli; and

F. Failure to properly update and provide educational opportunities to its agents, servants and/or employees so as to ensure the safe operation of the vehicles entrusted to their drivers.

Paragraphs 13. A., I., J. and N. do not lack specificity as they adequately explain the claims being asserted against the defendants. More specifically, those paragraphs set forth that defendant Zikeli was operating the vehicle at a high and dangerous speed, he was driving on the wrong side of the road, he crossed the divider line marking the center of the roadway and he did not utilize his turn signal. Those paragraphs are consistent with the claims being asserted in the other portions of the amended complaint and they aver that defendant Zikeli was operating his vehicle in a dangerous manner as he made a left turn into the plaintiffs lane of travel and struck her vehicle. It is apparent that those paragraphs are sufficient for the plaintiff to prepare a defense to the claims being asserted by the plaintiff. Thus, the defendants' third preliminary objection for lack of specificity concerning Paragraphs 13. A., I., J. and N. are overruled.

Paragraphs 13. E., G. and H. assert that defendant Zikeli was negligent by failing to maintain the vehicle in proper mechanical condition, failing to properly inspect the vehicle to discover mechanical defects and the driver was not in the proper physical condition to drive the vehicle. These paragraphs inform the defendant that there may have been physical defects with the vehicle that allegedly attributed to the collision. Paragraph 13.H. also avers that there were physical attributes that made defendant Zikeli

unfit to operate the vehicle. These paragraphs are sufficient to place defendant Zikeli on notice concerning the type of claims being asserted by the plaintiff, the areas where defendant Zikeli will need to prepare a defense and those allegations will be further clarified during the course of discovery. If the defendant believes that, after discovery, the plaintiff has failed to prove any of those averments, the defendant may file a motion for partial summary judgment. Moreover, those paragraphs are incapable of being amplified to produce new claims at a later time, unlike the allegations contained in Connor. Therefore, the court overrules the defendants' third preliminary objection for lack of specificity concerning Paragraphs 13. E., G. and H.

The defendants also contend that Paragraphs 13. O. 1. through 10. lack specificity as they merely contain citations to sections of the Motor Vehicle Code without factual allegations. However, the court must examine the amended complaint as a whole to determine whether those sections lack specificity, which means the court must read those statutory citations in conjunction with the factual averments contained in the amended complaint. Paragraphs 13. O.1., 3., 5., 6., 7., 8., 9. and 10. do not lack specificity as those paragraphs are supported by factual allegations contained in the remainder of the amended complaint. As a result, the defendants' third preliminary objection for lack of specificity concerning Paragraphs 13. O. 1., 3., 5., 6., 7., 8., 9. and 10. are overruled.[1] However, Paragraphs 13. O. 2. and 4. referencing 75 Pa.C.S.A. §3303 and 75 Pa.C.S.A. §3311 lack specificity

---

1. It must be noted that citing a statute, if supported by other factual averments in the complaint, minimally meets the standard for specificity, but the preferred method for pleading the violation of a statute is include the applicable language from the statute and facts supporting a violation of the statute so that the defendants and the court do not need to review each statute.

as there are no factual averments to support a violation of those statutes. 75 Pa.C.S.A. §3303"governs the manner in which an operator of a motor vehicle may pass another vehicle traveling in the same direction. The allegations in the amended complaint state that plaintiff and defendant Zikeli, were traveling in opposite directions at the time of the collision. Hence, 75 Pa.C.S.A. §3303 would not apply to the current set of circumstances. Moreover, 75 Pa.C.S.A. §3311 does not apply to the current matter as there are no averments in the amended complaint demonstrating that the roadway in question was divided into two or more roadways by leaving intervening space, physical barrier or clearly indicated dividing section so constructed to impede vehicular traffic. As a result, those statutes are inapplicable as a means to impose negligence per se upon the defendants. The defendants' third preliminary objection concerning lack of specificity for Paragraphs 13. O. 2. and 4. are sustained and those Paragraphs are stricken from the amended complaint.

The defendants also assert that Paragraphs 18. B. through F. lack specificity. Paragraph 18. B. provides the defendants with notice of its contention that defendant Zikeli was not properly trained, educated or supervised by defendant GAI relating to the operation of the motor vehicle he was driving when he collided with the plaintiff. Paragraph 18. C. was previously dismissed as legally insufficient and it also lacks specificity as it does not indicate what type of information was available to defendant GAI which demonstrates that defendant Zikeli was an unsafe or careless driver. That Paragraph does not adequately place the defendants on notice concerning the type of claim that is being asserted and it is capable of amplification at a later stage of these proceedings. Paragraph 18. D. asserts that defendant GAI failed to properly inspect, maintain and repair its vehicles. In

addition, Paragraph 18. E. avers that defendant GAI failed to properly investigate the qualifications and driving record of defendant Zikeli. Paragraph 18. F. references the failure to update and provide educational opportunities to its employees to ensure safe operation of motor vehicles they are entrusted to operate. These Paragraphs provide sufficient notice of the claims that are being asserted by the plaintiff and supply the defendants with a basis to begin preparing a defense. Thus, the defendants' third preliminary objection for lack of specificity concerning Paragraphs 18. B., and D. through F. are overruled; however, the court sustains the defendants' preliminary objection for lack of specificity regarding Paragraph 18. C. and that Paragraph is stricken. The plaintiff is granted leave to amend her amended complaint.

For the reasons set forth in this opinion, the defendants' preliminary objections are sustained in part and overruled in part. The court has sustained the defendants' preliminary objection for failure to adequately aver different claims in separate counts in accordance with Pa.R.C.P. 1020. The court also sustained the defendants' second preliminary objection in the nature of demurrer concerning the claims for negligent entrustment and negligent hiring in Count II. In addition, the court sustains the defendants' third preliminary objection concerning lack of specificity for Paragraphs 13. O. 2. and O. 4., and Paragraph 18. C. The remainder of the defendants' preliminary objections are overruled. The plaintiff is granted leave to amend her amended complaint.

## ORDER OF COURT

Now this 23rd day of December, 2014, this case was before the court on October 27, 2014, for oral argument on the preliminary objections to plaintiff's amended complaint filed by the defendants, with both parties

appearing through their counsel, the plaintiff, Renee Olinger, represented through counsel, Lawrence M. Kelly, Esquire, and the defendants, Robert Zikeli and GAI Consultants, represented through counsel, Lauren M. Despot, Esquire, and after consideration of the arguments and briefs presented and submitted by counsel and a complete and thorough review of the applicable record, the court enters the following order, and it is hereby ordered, adjudged and decreed as follows:

1. In accordance with the attached opinion, the first preliminary objection for failure to separately enumerate the causes of action in the amended complaint is hereby sustained.

2. In accordance with the attached opinion, the second preliminary objection in the nature of a demurrer as to the causes of action for direct negligence, negligent entrustment and negligent hiring against GAI Consultants is sustained in part and overruled in part. The demurrer as to the causes of actions for negligence through respondeat superior and direct negligence is hereby overruled. The demurrer as to the causes of action of negligent entrustment and negligent hiring is hereby sustained and said causes of action are stricken from the amended complaint.

3. The third preliminary objection for lack of specificity regarding paragraphs 13 A, E, G, H, I, J, N, is hereby overruled. The preliminary objection for lack of specificity as to paragraph 13. O. Subparagraphs 1-10, is overruled as to subparagraphs 1, 3, 5, 6, 7, 8, 9 and 10. The preliminary objection to subparagraphs 2 and 4 is hereby sustained and said subparagraphs are stricken from the amended complaint. The preliminary objection for lack of specificity to paragraph 18 C is moot as said subparagraph was previously dismissed as legally insufficient. The preliminary objection for lack of specificity concerning

paragraphs 18 B, D, E, F is hereby overruled.

4. For those paragraphs for which the preliminary objections have been sustained, those paragraphs are stricken from the amended complaint.

5. Plaintiff is granted thirty (30) days from the date of receipt of this order of court to file a second amended complaint.

6. The prothonotary shall serve a copy of this order of court and opinion upon counsel of record, Lawrence M. Kelly, Esquire, and Lauren M. Despot, Esquire.