544 A.2d 509

**Juan GARCIA and Nereida Garcia, Appellants,**

v.

**James E. BANG, Appellee.**

Superior Court of Pennsylvania.

Argued March 10, 1988.

Filed July 14, 1988.

James H. Thomas, Lancaster, for appellants.

Melinda Fisher, Lancaster, for appellee.

Before ROWLEY, WIEAND and MONTEMURO, JJ.

WIEAND, Judge:

On the evening of January 27, 1984, James Bang was operating his automobile southwardly on Route 72 in Lancaster County. When he came upon a slow-moving vehicle

traveling in the same direction, he ignored the double yellow line on the highway, swung into the lane for approaching traffic, and started to pass. He did not complete the pass. He struck head-on a pick-up truck being operated in the opposite direction by Nereida Garcia. Garcia was seriously injured, and she and her husband commenced an action against Bang to recover damages. Bang filed a counterclaim to recover for the damages caused to his vehicle. The jury which heard the evidence refused to find Bang negligent, found Garcia solely responsible for the accident, and awarded damages to Bang for the full amount of his counterclaim. We reverse and remand for a new trial.

The accident happened about 7:20 p.m. Bang was driving toward Lancaster to pick up a friend and was scheduled on a flight leaving the Baltimore–Washington International Airport at 10:15 p.m. He was aware of the double yellow lines but, nevertheless, decided to cross into the other lane in order to pass the slow-moving vehicle to "save time" and "stay on schedule." He said that he had not seen the approaching truck until the moment of impact. Garcia had left the parking lot at a dairy store and was returning home at the time of the accident. The testimony was in dispute regarding whether the headlights of the truck had been turned on. As she started into a curve in the two-lane highway, she collided with the Bang vehicle which was coming out of the curve on the wrong side of the double yellow line.

■ The rule in Pennsylvania is that violation of a statute is negligence per se. "The violation of a legislative enactment by doing a prohibited act ... makes the actor liable for an invasion of an interest of another." *Jinks v. Currie*, 324 Pa. 532, 538, 188 A. 356, 358 (1936) quoting Restatement, Torts § 286. See also: *Kaplan v. Kaplan*, 404 Pa. 147, 149, 171 A.2d 166, 167 (1961); *Ennis v. Atkin*, 354 Pa. 165, 169, 47 A.2d 217, 219 (1946); *Salvitti v. Throppe*, 343 Pa. 642, 644, 23 A.2d 445, 446 (1942).

Section 3307 of the Vehicle Code provides as follows:

## § 3307. No-passing zones

**(a) Establishment and marking.**—The department and local authorities may determine those portions of any highway under their respective jurisdictions where overtaking and passing or driving on the left side of the roadway would be especially hazardous and shall by appropriate signs or markings on the roadway indicate the beginning and end of such zones and when the signs or markings are in place and clearly visible to an ordinarily observant person every driver of a vehicle shall obey the directions of the signs or markings. Signs shall be placed to indicate the beginning and end of each no-passing zone.

**(b) Compliance by drivers.**—Where signs and markings are in place to define a no-passing zone as set forth in subsection (a), no driver shall at any time drive on the left side of the roadway within the no-passing zone or on the left side of any pavement striping designed to mark a no-passing zone throughout its length.

75 Pa.C.S. § 3307(a) and (b).

■ It is undisputed that Route 72, at the scene of the collision between the Bang and Garcia vehicles, was divided by double yellow lines. These double lines announced to motorists using the highway that passing for vehicles moving in both directions was restricted because "overtaking and passing or driving on the left side of the roadway [was] especially hazardous." It is also clear that defendant was aware of these double yellow lines but was determined to cross them in order to pass another vehicle moving in the same direction because he was in a hurry and wanted to "save time." This was negligence per se.[1]

We reject the argument advanced by defendant that he could not be negligent per se in the absence of evidence that signs had been placed at the beginning and end of the no-passing zone. The evidence showed that he had been aware of the double yellow lines and had known that he was in a no-passing zone but decided to cross the center of the

---

**1.** The jury had been instructed that "[i]f you find that there was a violation of [Section 3307], you must find that James Bang was negligent as a matter of law."

highway in order to "save time" and "remain on schedule." Signs are intended to alert motorists that they are approaching a no-passing zone. The absence of a sign at the beginning of the no-passing zone does not excuse a motorist who, being aware of double yellow lines on the road surface, elects nevertheless to cross over into the opposing traffic lane and pass a slow-moving vehicle in order to save time.

This Court's decision in *Cervone v. Reading,* 371 Pa.Super. 279, 538 A.2d 16 (1988), is not to the contrary. In that case the appellant had been found negligent for operating his motorcycle across a double yellow line. He argued on appeal that the trial court had erred in permitting a jury to find negligence for crossing the double yellow lines because of the absence of signs along the highway. Appellant had admitted at trial that double yellow lines on the road indicated "no passing" to him, but he had denied that he was attempting to pass. This Court held that the trial court had not erred when it allowed the jury to consider crossing the double yellow lines as evidence of negligence. Having made this determination, the Superior Court did not consider whether the absence of signs on the highway was sufficient to prevent a finding that defendant had been negligent per se for crossing the double yellow lines. The trial court's instructions to that effect, even if more favorable to appellant than he was entitled to receive, were not a subject for review. Therefore, the Superior Court was not required to consider and did not decide whether crossing double yellow lines into an opposing lane of traffic, where signs had not been posted, was negligence per se.

■ The jury's finding in the instant case that Bang was free of negligence cannot stand. It does not follow, however, that Garcia is entitled to judgment n.o.v. There is also evidence that the Garcia truck was being operated at night without lights. This evidence, if believed, would support a finding that Garcia was also negligent in causing the accident. See: 75 Pa.C.S. § 4302. Under these circumstances, the apportionment of causal negligence between Bang and Garcia was for the jury to determine pursuant to

the Comparative Negligence Law.[2] Although appellants are not entitled to judgment n.o.v., they are entitled to a new trial, for the jury's verdict was clearly contrary to the weight of the evidence.[3]

Appellants also complain that the trial court erred in its evidentiary rulings and jury instructions concerning Mrs. Garcia's psychological injuries. It is obvious, however, that the jury did not reach the issue of damages and that these alleged errors, therefore, did not contribute to the verdict. Moreover, since the case must go back for a new trial, any review of appellants' damage claims would be advisory in nature. Therefore, we decline in this appeal to review the damage issues raised by appellants.

Reversed and remanded for a new trial. Jurisdiction is not retained.

2. 42 Pa.C.S. § 7102(a).

3. We perceive no error in the trial court's evidentiary ruling which sustained an objection to the state trooper's opinion regarding the point at which the "no-passing zone" started. He could properly be asked, however, to state the location of posted signs and markings on the surface of the highway.