## Knaupp v. Bolen

*Elias B. Landau,* for plaintiffs.
*John I. Gordon,* for defendants.

GEORGE, *J.,* July 11, 2006—This matter comes before the court on the preliminary objections of several defendants to a second amended complaint filed by the plaintiffs. The amended complaint was filed as a result

of this court's order on previous preliminary objections, which struck the complaint in its entirety, but permitted the plaintiffs to file an amended complaint. As with the previous complaint, the second amended complaint has prompted a host of preliminary objections by the various parties. Since the second amended complaint contains factual allegations slightly different than the original pleading, a brief history as alleged by that complaint will be summarized.[1]

On May 26, 2002, Kyle Knaupp, a minor, was injured as a result of being thrown from an all-terrain vehicle that he was operating, but was owned by defendants John and Sherie Sanders.[2] Without identifying the specific location of the accident, the latest version of Knaupp's complaint alleges that the accident occurred in Adams County, Pennsylvania.[3] Knaupp claims that he has suffered injuries consisting of, inter alia, a fractured arm and elbow as a result of the accident. Knaupp's second amended complaint seeks to recover damages on claims of negligence against the several defendants, as well as a cause of action for a loss of consortium brought by

---

1. In addressing preliminary objections which include a demurrer to the cause of action, the court must accept all allegations in the complaint as true. *Sherk v. County of Dauphin,* 531 Pa. 515, 516, 614 A.2d 226, 227 (1992).

2. For purposes of this factual background, the designation of the parties as used by Knaupp in his pleadings is repeated herein. This designation should not be interpreted as a determination by the court as to the true legal names of the parties. In this regard, it is noted that at various times a named defendant has been identified by the plaintiff as "Cherie Sanders," "Sherie Sanders" and "Sherry Sanders."

3. The court notes that Knaupp's original complaint alleged that the accident occurred at a Bolen family gathering in the Pocono Mountains, Pennsylvania.

Knaupp's parents. Since the specific allegations underlying the negligence claims are numerous, they will not be recited herein, except as they apply to the preliminary objections raised by the defendants. For purposes of clarity, the preliminary objections will be addressed separately since some objections are raised in the context of the complaint's application to individual defendants.

## DONALD BOLEN'S DEMURRER

Donald Bolen, in his preliminary objection, correctly points out that there are no factual allegations contained in the second amended complaint referencing any acts or omissions by Donald Bolen, although he is named as a defendant in the caption of this action. His demurrer will therefore be granted. Since the statute of limitations in this matter has expired, plaintiff will not be given the opportunity to further amend the complaint. Accordingly, the cause of action against Donald Bolen is dismissed with prejudice.

## MOTION TO STRIKE
## ALLEGATIONS OF INTOXICATION

Paragraph 28 of plaintiffs' complaint alleges negligence on the part of Sandra Bolen by "recklessly keeping the minor in an environment while alcoholic beverages were being used up to and beyond the point of intoxication," thereby increasing the risk that the minor plaintiff would not receive prompt, necessary and appropriate medical attention. Sandra Bolen seeks to strike this allegation on the basis that the probative value, if any, is far outweighed by the danger of prejudice and confusion. In their response to the preliminary objections, plaintiffs

concede that they make no specific allegation that Sandra Bolen was intoxicated or nearly intoxicated. Rather, they claim that she kept the minor at a drinking party instead of obtaining appropriate medical care.

This allegation is clearly irrelevant to the material issues of the case. The critical inquiry is whether Sandra Bolen had a duty to obtain prompt medical care for the plaintiff and was negligent in performing that duty. Absent allegations of intoxication on the part of Sandra Bolen, the allegations concerning the presence of alcohol at the location are both immaterial and prejudicial. Accordingly, paragraph 28(k) of the second amended complaint is stricken.

## MOTION TO STRIKE PARAGRAPH 28

Paragraph 28 of the second amended complaint alleges that Sandra Bolen was negligent in failing to properly supervise Kyle Knaupp, and in permitting or failing to forbid Knaupp from operating the all-terrain vehicle. Although Bolen classifies the preliminary objection as a motion to strike, the preliminary objection serves as a demurrer to several of the theories of negligence alleged by Knaupp. Essentially, Bolen argues that, as a matter of law, it cannot be negligence for a person, acting in loco parentis, to permit a 14-year-old to go unattended. This argument is supplemented by the claim that Bolen was not present for the accident and had neither permitted Knaupp to operate the all-terrain vehicle nor had the ability to control the all-terrain vehicle.

"Preliminary objections, the end result of which would be dismissal of a cause of action, should be sustained only in cases that are clear and free from doubt." *Bower*

*v. Bower,* 531 Pa. 54, 57, 611 A.2d 181, 182 (1992). "The test is whether it is clear from all of the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his or her right to relief." *League of Women Voters of Pennsylvania v. Commonwealth,* 692 A.2d 263, 267 (Pa. Commw. 1997). "In ruling on preliminary objections, all well-pleaded facts in the petition for review and all inferences reasonably deducible therefrom must be accepted as true." *Id.*

The allegations that are currently at issue find their genesis in the theory of negligent supervision. Pennsylvania appellate courts have recognized that "parents have a duty to exercise reasonable care to protect, their [minor] children and keep them from danger." *Miller v. Leljedal,* 71 Pa. Commw. 372, 379, 455 A.2d 256, 259 (1983). The *Miller* court sets forth the standard as follows:

"[I]n short, although a parent has the prerogative and the duty to exercise authority over his minor child, this prerogative must be exercised within reasonable limits. The standard to be applied is the traditional one of reasonableness, but viewed in light of the parental role. Thus, we think the proper test of a parent's conduct is this: what would an ordinarily reasonable and prudent parent have done in similar circumstances?" *Id.* at 380, 455 A.2d at 260.

"A mere misjudgment in supervising one's child would not necessarily constitute a tortious breach of duty. In determining whether the bounds of reasonable behavior have been transgressed, all of the relevant facts and circumstances would have to be considered. In a supervision situation, among the foremost are bound to be the existence of the relation of parent and child; the practical

responsibilities, expectations and limitations that flow therefrom; and the judgmental nature of the decisions a parent must make in functioning in that capacity." *Id.* at 381, 455 A.2d at 260.

Although Knaupp's claims against Bolen recognize that a parent-child relationship did not exist, the allegations in the complaint establish that Bolen was acting in loco parentis. It would appear, therefore, that the reasoning of the *Miller* court is equally applicable to the current circumstance in clarifying the theory of liability.

After viewing the allegations in Knaupp's complaint against this legal background, I conclude that a number of the allegations are sufficient to survive demurrer. As noted, Knaupp alleges that Sandra Bolen agreed to undertake the care, custody and control of the minor. The complaint further alleges that Sandra Bolen was aware that Knaupp would be operating an all-terrain vehicle while under her care. Also, she was aware that Knaupp lacked the experience, skill, training and/or maturity necessary to operate the vehicle safely, yet failed to properly supervise him so as to prevent his operation of the all-terrain vehicle. In light of these allegations, the issue of whether her actions were reasonable is properly submitted to the finder of fact. *Dattola v. Burt Bros. Inc.,* 288 Pa. 134, 136, 135 A. 736, 737 (1927) (the question of proper supervision, or lack thereof, is one of fact and usually for the jury). Accordingly, I find that the allegations of paragraphs 28(c), 28(d), 28(e), 28(f) and 28(g) are sufficient, at this stage, to survive demurrer.

The allegations in paragraphs 28(a) and 28(b) present a slightly different issue. Those allegations include general claims that Sandra Bolen failed to monitor and su-

pervise either Knaupp or her son, Chris Bolen. In *Reardon v. Wilbur,* 441 Pa. 551, 272 A.2d 888 (1971) the court held that it was not negligence, as a matter of law, for parents to allow a 9-year-old child to go unattended outside of their home. The general allegations in Knaupp's complaint, which imply a duty to continuously supervise a 14-year-old child, fall into the same category of alleged negligence which our Supreme Court has ruled to be insufficient as a matter of law. Accordingly, the allegations in paragraphs 28(a) and 28(b) shall be stricken.

## MOTION TO STRIKE COUNT III

In Count III of the complaint, Knaupp alleges a cause of action against the minor, Chris Bolen, on the basis that Chris Bolen negligently permitted Knaupp to operate the all-terrain vehicle and further was negligent in supervising Knaupp. Chris Bolen demurrers on the basis that there is no duty of care owed by him to another minor. Additionally, Chris Bolen argues that the allegations alleged by Knaupp are contrary to facts known by all parties.

Initially, I note that this matter comes before the court on preliminary objections rather than on motion for summary judgment. The critical distinction between these procedures is that the parties have not yet had the opportunity to develop the undisputed factual background, as would normally occur prior to a notice for summary judgment. Instantly, I must accept all well-pled facts in the complaint as true. *League of Women Voters of Pennsylvania,* 692 A.2d at 267. Therefore, Bolen's argument that the allegations in the complaint are contrary to the known facts is premature.

In addressing whether a legal duty exists between Chris Bolen and Knaupp it appears that the complaint alleges a cause of action for negligent entrustment. Pennsylvania jurisprudence recognizes the tort of negligent entrustment as a valid legal theory under which one may pursue recovery for damages. See *Christiansen v. Silfies,* 446 Pa. Super. 464, 472, 667 A.2d 396, 400 (1995). Under a theory of negligent entrustment, liability is imposed because of a person's actions "in relation to an instrumentality or activity under [his or] her control." *Id.* at 473, 667 A.2d at 400. The fact that the instrumentality or activity at issue is under the control of a minor is of little import. In *Frey v. Smith,* 454 Pa. Super. 242, 685 A.2d 169 (1996), the Superior Court expressly acknowledged that a minor may be found negligent in such circumstances. I find this precedent to be binding on this court in respect to the majority of Chris Bolen's motion to strike Count III.

The motion to strike, however, will be sustained in regard to the allegations in subparagraphs 43(e), (f) and (g). Those allegations essentially allege a theory based upon Chris Bolen's supervision of Knaupp. As this court recently recognized in *Garland v. J.W.J.,* 05-S-285 (Adams Cty.) (June 9, 2006 opinion), the theories of negligent supervision and negligent entrustment are entirely different legal theories requiring entirely different proof. Essential to the theory of negligent supervision is the ability of one party to control or supervise the conduct of another. I find no legal support, nor support in the factual background alleged by Knaupp, to establish a duty on the part of a minor, Chris Bolen, to supervise another minor, Knaupp. Since the allegations referenced

in subparagraphs 43(c), (f) and (g) each sound in negligent supervision, they will be stricken.

## MOTION TO STRIKE PUNITIVE DAMAGES

All Bolen defendants object to Knaupp's demand for punitive damages. For the reasons set forth below, the preliminary objections in regard to punitive damages are sustained and all claims for punitive damages are dismissed.

Our Supreme Court has recently discussed the issue of punitive damages in relation to a negligence claim in *Hutchison v. Luddy* as follows:

"The standard governing the award of punitive damages in Pennsylvania is settled. 'Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.' . . . As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct. . . . The purpose of punitive damages is to punish a tortfeasor for outrageous conduct and to deter him or others like him from similar conduct. . . . Additionally, this court has stressed that, when assessing the propriety of the imposition of punitive damages, '[t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious.'" *Hutchison v. Luddy,* 582 Pa. 114, 122, 870 A.2d 766, 770 (2005) (citations omitted) (quoting *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742 (1984)).

The Supreme Court further enunciated that "in Pennsylvania, a punitive damages claim must be supported

by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Id.* at 124, 870 A.2d at 772.

The general theories alleged by Knaupp in his complaint are negligent supervision and negligent entrustment. The allegations essentially paint a picture of adults, in loco parentis, permitting and/or failing to prohibit a minor from operating an all-terrain vehicle without sufficient training. The allegations also include the claim of one minor being negligent in entrusting an all-terrain vehicle to another minor. Other than Knaupp's boilerplate use of the word "reckless," there is nothing in the complaint to suggest either outrageous or malicious conduct on the part of the defendants. Critically, there is a paucity of factual allegations evidencing an evil state of mind or even a disregard for a heightened risk of harm greater than ordinary negligence. While I certainly recognize that punitive damages may be appropriate in cases involving negligent supervision, *Hutchison* cited above, I am unwilling to accept Knaupp's proposition that all cases of negligent supervision or negligent entrustment justify the imposition of punitive damages. Accepting Knaupp's argument that punitive damages are appropriate under the facts alleged in the complaint would result in a total disregard for Pennsylvania appellate authority which has historically recognized a requirement of pleading and proving outrageous conduct prior to the imposition of punitive damages. Accordingly, the demands for punitive damages will be stricken.

## DEMURRER

Defendant, Sandra Bolen, demurs to Knaupp's claim that she was negligent in failing to promptly obtain medical care for Knaupp following the accident. Sandra Bolen objects on the basis that Knaupp's complaint fails to identify any damages caused as a result of the alleged omissions of Sandra Bolen. Sandra Bolen further argues that she could not be liable as a matter of law for breach of a duty which she had the inability to comply with since, she claims, she did not have permission from Knaupp's parents sufficient to authorize medical treatment. While the facts in this matter which are ultimately developed through discovery may support a pretrial dispositive motion, I am reminded that at this stage of the litigation I am considering a demurrer. The complaint specifically alleges that Sandra Bolen's failure to obtain medical treatment "increased the minor plaintiff's pain and suffering and/or increased the severity and/or duration of his injuries." Second amended complaint, paragraph 30. Moreover, whether Sandra Bolen acted reasonably in addressing the injuries suffered by a minor alleged to be under her supervision is a question of fact which is not appropriate for disposition at this stage of the proceedings. Accordingly, this demurrer will be overruled.

## SANDERS' MOTION TO STRIKE

Sanders defendants seek to strike the complaint against "Cherie" Sanders on the basis that the defendant's legal name is "Sherry" Sanders. In noting that there have been a number of erroneous references to Sherry Sanders in the various pleadings filed in this matter, Sanders sug-

gests that they "should not have to respond to the careless pleadings filed to date that do not [properly identify Sherry Sanders]." Sanders' preliminary objection, paragraph 6. I agree. The numerous misidentifications of Sherry Sanders only serve to garble what has already a confused history of pleading. Accordingly, the complaint is dismissed as it relates to any party identified in the complaint as "Cherie Sanders" or "Sherie Sanders". Nevertheless, plaintiff once again will be given the opportunity to file an amended complaint.[4] For the foregoing reasons, the attached order is entered.

## ORDER

And now, July 11, 2006, it is hereby ordered that the preliminary objection of Donald Bolen is sustained, the cause of action against Donald Bolen is dismissed with prejudice. It is further ordered that Sandra Bolen's motion to strike subparagraphs 28(a), 28(b) and 28(k) is sustained; the preliminary objection of Chris Bolen seeking to strike subparagraphs 43(e), 43(f) and 43(g) is sustained; the Bolens' demurrer to punitive damages in all counts is sustained; and Sherry Sanders' preliminary objection seeking to strike all claims against her is sus-

---

4. In granting permission to amend the complaint, I note that the statute of limitations has expired in this particular matter. However, if an amendment of the pleadings merely corrects the name of a party, such an amendment is permissible after the statute of limitations has run, provided that the adverse party is not deprived of any potential rights. *Peaceman v. Tedesco,* 51 Pa. Commw. 544, 414 A.2d 1119 (1980). Sherry Sanders appears to have been properly served and has participated in the previous litigation despite having been misidentified in the various pleadings to date. Therefore, amendment will be permitted.

tained. All other preliminary objections are overruled. Plaintiff is permitted the opportunity to file an amended complaint in compliance with the attached opinion. In that regard, plaintiff is directed to omit all references in the caption of this matter to those parties who have been dismissed from this litigation. Additionally, improper designation of the defendant, Sherry Sanders, may result in dismissal of the claims against her with prejudice.

Amended complaint filed pursuant to this order shall be filed within 20 days of the date of this order. Should the plaintiff fail to file an amended complaint within the time period set forth herein, this litigation will proceed on the surviving allegations of the second amended complaint, however, the cause of action against Sherry Sanders will be dismissed with prejudice upon praecipe.