## O'Connor v. Huth

C.P. of Monroe County, No. 2656 CIVIL 2013

*Joshua B. Goldberg*, for plaintiffs.
*Joseph Pulcini, Jr.*, for defendant.

WILLIAMSON, *J.*, August 9, 2013—This matter comes before us on a motion for judgment on the pleadings filed by Douglas E. Huth (hereafter, "defendant"), requesting this court to dismiss Charlotte O'Connor's (hereafter, "plaintiff") complaint, Plaintiff commenced this action by filing a writ of summons on March 30, 2012. On June 8, 2012, plaintiff filed a complaint against defendant and named Jeffrey M. Huth as an additional defendant. The complaint contained two counts. Count I was a negligence claim against Jeffrey M. Huth, which alleged he operated a motor vehicle, in which the plaintiff was a passenger, in an unsafe manner and caused a dangerous collision. Count II alleges that Douglas E. Huth was negligent in entrusting the vehicle to Jeffrey Huth, knowing that he was an incompetent driver, or in the alternative, that Jeffrey Huth was an agent of Douglas Huth.

On June 29, 2012, defendant filed preliminary objections to plaintiff's complaint. On August 7, 2012, this court issued an order dismissing Jeffrey M. Huth as a defendant, striking count I from the complaint, and overruling defendant's demurrer to count II of the complaint. On September 4, 2012, defendant filed an answer with new matter. On September 24, 2012, plaintiff filed her reply to defendant's new matter. On June 25, 2013, defendant filed the motion for judgment on the pleadings that is currently in front of this court. On August 1, 2013, plaintiff filed her answer to the

motion. Both parties filed briefs. Oral argument on this matter was held on August 5, 2013. The pleadings are now closed and we are ready to dispose of defendant's motion for judgment on the pleadings.

## DISCUSSION

Motions for judgment on the pleadings are governed by the Pennsylvania Rules of Civil Procedure. Rule 1034 states:

(a) After the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings.

(b) The court shall enter such judgment or order as shall be proper on the pleadings.

In ruling on a motion for judgment on the pleadings, the court must consider all of the pleadings and responsive pleadings filed by the moving and non-moving parties, including the complaint, answer, new matter, and reply to new matter. *Herman v. Stern*, 213 A.2d 594 (Pa 1965). The underlying purpose of a motion for judgment on the pleadings is to allow the court to conduct an overall examination of the legal sufficiency of the pleadings in order to determine if judgment should be entered prior to trial. *Bensalem Township School Dist. v. Commonwealth*, 544 A.2d 1318 (Pa. 1988). The standard of review in such a motion is identical to that of a demurrer. *Id.* A demurrer may be sustained only if it is clear on the face of the pleading that the law will not provide or permit the recovery sought. *Morgan v. McPhail*; 672 A.2d 1359 (Pa. Super. 1996). If there

is any doubt, it should be resolved by overruling the demurrer. *Mellon Bank N.A. v. Fabinyi*, 650 A.2d 895 (Pa. Super. 1994).

Plaintiff argues that the motion for judgment on the pleadings is premature because no discovery has been conducted by either party, and no discovery scheduling order has been requested or implemented such that either party has failed to meet any discovery deadlines. Plaintiff's reasoning for this argument is that without discovery, it is impossible to determine the negligence of the defendant or if there was an agency relationship between the defendant and the driver of the vehicle. It should be noted that plaintiff does not cite to any case law in her brief in support of her position.

It appears that plaintiff has mistaken the judgment on the pleadings standard for a summary judgment standard. If this were a motion for summary judgment, plaintiff's argument that the motion is premature would be correct. However, as cited above, judgment on the pleadings is an examination of the legal sufficiency of the pleadings. *Bensalem Township, supra*. As stated in Pa.R.C.P. 1034, judgment on the pleadings is appropriate after the relevant pleadings have closed. There is no allegation that the relevant pleadings have not closed. Therefore, the present motion is not premature.

Defendant argues that the remaining averments in plaintiff's complaint are legally insufficient to state a claim for negligent entrustment or an agency claim. Defendant is basically arguing that because the plaintiff does not have the driver of the motor vehicle involved

in the case as a party, plaintiff's negligent entrustment action cannot succeed. We disagree.

"An entrustor's liability is not dependent on, derivative of, or imputed from the entrustee's actual liability for damages." *Christiansen v. Silfies*, 667 A.2d 396, 400 (Pa. Super. 1995). In order to be successful in a claim for negligent entrustment, the entrustee must be found to be causally responsible for the ensuing harm. *Id.*

In this case, defendant's liability based upon negligent entrustment is not dependent on, derivative of, or imputed from Jeffrey Huth's actual liability for damages. The facts alleged in paragraphs 3, 4, and 5 of the complaint, if true, allow the fact-finder to make the determination that Jeffrey Huth was causally responsible for the accident without him being a named defendant. The fact-finder need not determine whether Jeffrey Huth was negligent, merely that he was causally responsible. To do so, Jeffrey Huth need not be a party. Accordingly, plaintiff's negligent entrustment claim is legally sufficient and survives the instant motion for judgment on the pleadings.

However, plaintiff's averment of agency shall be stricken from the complaint. In paragraph 11 of the complaint, plaintiff avers the following:

11. Alternatively, Plaintiff believes and therefore avers that Defendant[1], Jeffrey M. Huth, at the time and place of the collision was operating said vehicle

---

1. As noted in the procedural history, Jeffrey Huth is no longer a defendant in this case. Plaintiff, however, has not amended her complaint, but instead has filed an answer to defendant's new matter.

as an agent of Defendant, Douglas E. Huth.

Compl. at ¶ 11.

Regarding the sufficiency of an allegation of agency in a complaint, the Pennsylvania Superior Court has said:

> While it is unnecessary to plead all the various details of an alleged agency relationship, a complaint must allege, as a minimum, facts which: (1) identify the agent by name or appropriate description and (2) set forth the agent's authority, and how the tortuous acts of the agent either fall within the scope of that authority, or, if unauthorized, were ratified by the principal.

*Alumni Ass'n, Delta Zeta Zeta of Lambda Chi Alpha Fraternity v. Sullivan*, 535 A.2d 1095, 1100 n.2 (Pa. Super. 1997). In this case, looking at the complaint as a whole, plaintiff's allegations are insufficient to state a claim of agency. There are no allegations that meet the second prong of the above requirements for allegations of agency in a complaint. Therefore, paragraph 11 of the complaint is stricken.

## ORDER

And now, this 9th day of August, 2013, upon consideration of defendant's motion for judgment on the pleadings, the same is granted in part and denied in part. Paragraph eleven (11) of plaintiff's complaint is hereby stricken. Defendant's motion to dismiss plaintiff's negligent entrustment claim is denied.