**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1340
_____

ROBERT C. ALLEN as Co-Administrator of the ESTATES OF T.G.A. and Z.D.A.,
Appellant,

v.

FOXWAY TRANSPORTATION, INC., TEMPEL STEEL, GATEWAY FREIGHT
SYSTEMS INC., and STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

GATEWAY FREIGHT SYSTEMS INC.

v.

DARELENE L. ALLEN

_____

On Appeal from United States District Court
for the Middle District of Pennsylvania
(D. C. No. 4:21-cv-00156)
District Judge: Honorable Matthew W. Brann

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 19, 2025

Before: RESTREPO, McKEE, and SMITH, *Circuit Judges*

(Opinion filed: May 26, 2026)

OPINION[*]

McKEE, *Circuit Judge.*

Robert C. Allen appeals the District Court's grant of Gateway Freight Systems, Inc.'s motion for summary judgment on Allen's claims of vicarious liability, negligent selection, and negligent entrustment.[1] Allen also challenges the District Court's exclusion of substantial parts of his expert's testimony.[2]

This appeal arises from the tragic loss of Allen's two children, T.G.A. and Z.D.A., who were killed when a tractor-trailer collided with their mother's disabled vehicle. We are deeply sympathetic to the loss of two young lives, and we have no reason to doubt that the District Judge shared our concern, despite several inappropriate attempted witticisms, which we discuss in the margin.[3] Nevertheless, for the reasons that follow, we

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court's December 7, 2023 Order, *inter alia*, granted Gateway's motion for summary judgment as to vicarious liability, negligent selection, and joint venture. *Allen v. Foxway Transp., Inc. (Allen I)*, 705 F. Supp. 3d 297, 302, 310, 313, 315 (M.D. Pa. 2023).

[2] The District Court's February 1, 2024 Order, *inter alia*, granted in part Gateway's motion to exclude Allen's expert and granted its motion for summary judgment on the issue of negligent entrustment. *Allen v. Foxway Transp., Inc. (Allen II)*, No. 4:21-CV-00156, 2024 WL 388133, at *7 (M.D. Pa. Feb. 1, 2024).

[3] For example, for reasons known only to the District Court, the court thought it appropriate to quip: "Unfortunately, despite its name, Ms. Allen's [Mitsubishi] Mirage was no optical illusion and [the truck driver] was unable to stop, or adequately slow his vehicle before it violently collided with the Allen's vehicle, killing the two children[,]" *Allen I*, 705 F. Supp. 3d at 307, and, "[h]owever, after consulting its crystal ball, the Court foresees the parties filing motions *in limine* on the eve of trial consistent with the

must affirm the District Court's grant of summary judgment in favor of Gateway and the exclusion of Allen's expert testimony.[4]

## I.

"We review de novo the District Court's resolution of cross-motions for summary judgment."[5] "Summary judgment is appropriate when, drawing all reasonable inferences in favor of the nonmoving party, 'the movant shows that there is no genuine dispute as to any material fact,' and thus the movant 'is entitled to judgment as a matter of law.'"[6]

### A. Vicarious Liability

Allen argues that the District Court erred in concluding that Gateway was a broker, not a carrier, and thus not a statutory employer of Foxway Transportation, Inc.'s tractor-trailer driver, Volodymyr Frolyak. Gateway could be vicariously liable for Frolyak's negligence if it was a carrier. Allen contends that the District Court "focus[ed] almost exclusively on Gateway's self-identification as a broker while disregarding

---

objections they have raised in their briefing, seeking to exclude their opponent's proffered expert testimony." *Id.* at 314.

These attempts at wit are inappropriate given the circumstances of this dispute. We do not doubt that the jurist who decided this case gave it the serious attention that it deserved. But such misguided and ill-conceived attempts at levity could be misinterpreted by others—especially by those in the general public—and lead them to conclude that the opinion is something other than the thorough and well-reasoned opinion we consider it to be.

[4] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

[5] *Stradford v. Sec.y Pa. Dep't of Corr.*, 53 F.4th 67, 73 (3d Cir. 2022) (citing *Int'l Union, United Mine Workers of Am. v. Racho Trucking Co.*, 897 F.2d 1248, 1252 (3d Cir. 1990)).

[6] *Id.* (quoting *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014)).

substantial evidence of Gateway's carrier-like conduct and responsibilities."[7] We disagree.

Motor carrier status is warranted where "an entity accepts responsibility for ensuring the delivery of goods . . . regardless of whether it conducted the physical transportation."[8] Here, Gateway "merely agree[d] to locate and hire [Foxway] to transport the goods," and was thus "acting as a broker."[9] As the District Court explained, the record does not support a finding that Gateway promised to physically transport the shipment nor that it was otherwise responsible for handling the shipping process, determining the route, or packing the product. Therefore, Gateway was not vicariously liable for Frolyak's negligence.

### B. Negligent Selection

Allen argues that the District Court erred by requiring an employment relationship to sustain a claim for negligent selection. "[W]ith regard to vicarious liability, negligent selection, and retention claims, typically Pennsylvania law limits those claims to a master-servant setting where the defendant directly controls and oversees the activities of the tortfeasor."[10] An employer-employee relationship is a "clear feature" of these three theories of liability.[11] Accordingly, a party's "position as a non-employer renders these

---

[7] Appellant's Opening Br. 18.

[8] *Louis M. Marson Jr., Inc. v. All. Shippers, Inc.*, 438 F. Supp. 3d 326, 331 (E.D. Pa. 2020) (quoting *Tryg Ins. v. C.H. Robinson, Worldwide, Inc.*, 767 F. App'x 284, 287 (3d Cir. 2019)).

[9] *Id.*

[10] *Adames v. May Furniture, Inc.*, No. 1:17-CV-00652, 2019 WL 8937042, at *3 (M.D. Pa. Nov. 26, 2019).

[11] *Id.* at *8.

negligence claims inviable."[12] Because Gateway did not stand in an employment relationship with Frolyak or Foxway, we must affirm the District Court's grant of summary judgment as to Allen's negligent selection claim.

## C. Negligent Entrustment

Prior to ruling on Allen's negligent entrustment claim, the District Court assessed the admissibility of the testimony of Allen's expert, Kenneth Lacey.[13] The District Court did not abuse its discretion by excluding a substantial portion of Lacey's expert testimony after concluding that his report was based on an unreliable methodology.[14] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[15] and its progeny instruct district court judges to act as "gatekeepers" to ensure that expert testimony satisfies a "trilogy of restrictions": "qualification, reliability, and fit."[16] Here, the District Court properly concluded that

---

[12] *Id.* (quoting *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 490 (3d Cir. 2013)); *see* Restatement (Second) of Torts § 411 (A.L.I. 1965) ("An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor (a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or (b) to perform any duty which the employer owes to third persons.").

[13] We review a district court's decision to exclude expert testimony for an abuse of discretion. *Kremsky v. Kremsky*, 758 Fed. App'x 236, 241 n.3 (3d Cir. 2018) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)). We will not interfere with an exercise of discretion "unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Hanover Potato Prods., Inc. v. Shalala,* 989 F.2d 123, 127 (3d Cir. 1993) (citation modified).

[14] *See Allen II*, 2024 WL 388133, at \*7 (granting Gateway's motion to exclude Lacey's testimony "except as to his opinion that industry standards imposed upon Gateway a continuing obligation to conduct ongoing safety and compliance data reviews" (citation modified)).

[15] 509 U.S. 579, 592 (1993).

[16] *Schneider ex rel. Est. of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003) (citing *Daubert,* 509 U.S. at 592).

certain of Lacey's opinions were too speculative to be reliable under Federal Rule of Evidence 702.[17]

The District Court then turned to the merits of Allen's negligent entrustment claim.[18] We agree that nothing in the record suggests that Gateway would have known that Foxway was "likely . . . to create an unreasonable risk of harm to others" as required for negligent entrustment under Pennsylvania law, even if Gateway had conducted ongoing safety and compliance data reviews.[19] Thus, we must affirm the District Court's grant of Gateway's summary judgment motion as to negligent entrustment.

**II.**

For the foregoing reasons, we will affirm the District Court's December 7, 2023 and February 1, 2024 Orders.

---

[17] *See Slatowski v. Sig Sauer, Inc.*, 148 F.4th 132, 138 (3d Cir. 2025) (finding that the district court did not abuse its discretion by excluding speculative expert testimony where expert did not "bridge[] the gap between theory and reality").

[18] The District Court did not abuse its discretion by deferring its ruling on the negligent entrustment claim until after resolving the parties' *Daubert* motions. The court determined that only a portion of Lacey's opinion is admissible and thereafter properly considered Lacey's opinion together with the other admissible evidence to resolve Allen's negligent entrustment claim. *See, e.g.*, *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 165 (3d Cir. 1999) (affirming grant of summary judgment where the admissible expert testimony post-Daubert motions, along with additional admissible evidence, was "insufficient to create a material issue on causation").

[19] *Christiansen v. Silfies*, 667 A.2d 396, 472–73 (Pa. Super. Ct. 1995) (citing Restatement (Second) of Torts § 308) (describing standard for negligent entrustment).